RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *John Filax*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FILAX,<br><br>  Plaintiff,<br><br> vs.<br><br>MUHAMMAD TAYYAB,<br><br>  Defendant. | Case No. 25-cv-07600<br><br>**COMPLAINT FOR:**<br><br>1. **Misrepresentation, 17 U.S.C. § 512(f);**<br><br>2. **Declaratory Judgment, 28 U.S.C. § 2201** |

Plaintiff, John Filax ("Plaintiff"), files this action against Muhammad Tayyab ("Defendant") who operates the Bodycam Action YouTube channel located www.youtube.com/@BodycamActionofficial (The "Bodycam Channel") and alleges as follows:

## INTRODUCTION

1. This action addresses the misuse of the counter-notice process under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 *et seq*. Defendant and other YouTube channel operators assert a boundless version of fair use, one so overbroad that, if accepted, copyright protection on YouTube would become meaningless.

2. Anonymous foreign YouTube creators have built profitable channels through wholesale appropriation of others' copyrighted works, contributing little or nothing in the way of genuine transformation. Their videos typically consist of lengthy, unaltered segments of original creators' footage with minimal or no alteration, yet are monetized through YouTube's Partner Program under the blanket claim of "fair use."

3. While courts have upheld some reaction videos as fair use, those rulings emphasize sustained commentary, structured critique, and a genuinely transformative purpose. By contrast, channels like Defendant's add nothing at all, no commentary, no critique, not even a spoken word. The only so-called "transformations" consist of superficial edits such as mirroring, captions, or background music. Accepting such edits as fair use would nullify copyright enforcement on YouTube: any user could repost entire videos with cosmetic tweaks and claim immunity. That outcome would strip creators of meaningful control over their work, undermine YouTube's enforcement system, and incentivize the mass monetization of stolen content.

4. This erosion of copyright protections has been fueled, in part, by systematic abuse of the DMCA's counter-notice process. When copyright owners like Plaintiff submit takedown notices under 17 U.S.C. § 512(c), channel operators often respond with boilerplate counter-notices under § 512(g), swearing under penalty of perjury that their uploads are protected by fair use.

5. On or about May 9, 2025, Defendant submitted such a counter-notice to YouTube pursuant to § 512(g)(3) on behalf of the Bodycam Channel, seeking to have a video titled *Cops mess with the Wrong Person* restored to that channel (the "Infringing Video") (the "Counter-Notice"). A copy of the Counter-Notice is attached hereto as Exhibit A.

6. Defendant operates the Bodycam Channel, which purports to showcase police body-worn camera footage. In reality, the Infringing Video does not contain bodycam footage at all, but rather Plaintiff's dashcam recording. Defendant's decision to misappropriate Plaintiff's video underscores that the Bodycam Channel exists not to present genuine "bodycam" material, but to appropriate any law-enforcement-related content for monetization, regardless of source or accuracy.

7. The Infringing Video contains not a single word of commentary by Defendant. The absence of commentary distinguishes this case from reaction-video precedents where courts have found transformative use.

8. The Counter-Notice asserted, under penalty of perjury, that the Infringing Video "qualifies under fair use" because it was "significantly transformed." In truth, the only alterations Defendant made were shortening the length, adding captions, and overlaying background music. Such superficial edits do not constitute fair use.

9. These conclusory statements mirror the kind of boilerplate language anonymous foreign channels often deploy without conducting any individualized fair-use analysis.

10. As detailed below, the Counter-Notice is materially false and was knowingly submitted to manipulate YouTube's copyright enforcement process.

11. Plaintiff brings this action under 17 U.S.C. § 512(f) to hold Defendant accountable for knowingly and materially misrepresenting the legal basis of the Counter-Notice and to ensure the permanent removal of the Infringing Video from the Bodycam Channel.

## JURISDICTION AND VENUE

12. This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and includes a claim for Declaratory Relief under 28 U.S.C. § 2201.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District, including YouTube's reliance on the false Counter-Notice to reinstate the Infringing Video.

15. Defendant consented to jurisdiction in this District by submitting the Counter-Notice to YouTube pursuant to 17 U.S.C. § 512(g)(3).

## PARTIES

16. Plaintiff is a resident of Florida and the sole owner of the copyrights in the videos published on the YouTube channel "John Filax" (@JohnFilax) (the "John Filax Channel").

17. Defendant, operating under the alias "Bodycam Action," runs a YouTube channel located at @BodycamActionofficial. Upon information and belief, Defendant monetizes the Bodycam Channel through YouTube's Partner Program.

18. The Bodycam Channel is a textbook example of an anonymous foreign channel. It creates no original content of its own but instead lifts copyrighted footage from others and repackages it with superficial edits such as captions, mirroring, or background music. Defendant never appears on camera and provides no commentary. The channel's anonymity has served as both sword and shield, permitting monetized copyright infringement while concealing the identity of the operator.

19. The Bodycam Channel purports to showcase police body-worn camera footage. In reality, as shown by the Infringing Video, Defendant misappropriates footage from unrelated sources, including Plaintiff's dashcam recording, and monetizes it under the false guise of "fair use."

## FACTUAL ALLEGATIONS

20. YouTube is the largest video-sharing platform in the world and operates under the framework established by the DMCA.

21. The DMCA provides a process by which copyright owners may request the removal of infringing content through a notice-and-takedown mechanism. If the platform receives a valid takedown notice, it typically disables access to the allegedly infringing material.

22. The statute also gives the alleged infringer a way to respond: a counter-notification claiming the use is authorized, lawful, or otherwise non-infringing. If the copyright owner does not file a federal lawsuit within 10 business days of receiving a counter-notice, YouTube must restore access to the disputed content. 17 U.S.C. § 512(g).

23. This framework shifts the burden onto copyright owners, often small creators or publishers, to file suit quickly or see their work reposted.

24. Infringers exploit this imbalance, especially anonymous, monetized "reaction" channels, by filing boilerplate counter-notices designed to intimidate rights holders into dropping the matter.

25. In practice, this loophole allows such channels to continue monetizing stolen content while hiding behind the mantra of "fair use," even where their videos consist largely of unaltered footage from original creators.

26. Over time, "fair use" has become a catchall excuse on YouTube, not to support legitimate critique or commentary, but to justify wholesale misappropriation and monetization of others' work without meaningful transformation.

### *Cops mess with the Wrong Person*

27. On or about November 3, 2024, Defendant posted a video titled *Cops mess with the Wrong Person* to the Bodycam Channel.[1]

---

[1] https://www.youtube.com/watch?v=FD1-Iujdknk

28. The Infringing Video contains one minute and thirty-five seconds from Plaintiff's three minute and twenty-five second video titled *TPA Police Stop The Wrong Guy _ READ THE DESCRIPTION!* that was posted to the John Filax Channel on September 18, 2017.[2] The copied material comprises virtually the entire substance of Plaintiff's work, which itself has been viewed more than 10 million times on YouTube, confirming its popularity and commercial value.

29. Defendant's unauthorized re-upload, by contrast, has been viewed more than 85 million times on YouTube. This extraordinary view count underscores both the commercial scale of Defendant's misappropriation and the significant market harm to Plaintiff, as Defendant diverted audience attention and advertising revenue from the original work.

30. Based upon information and belief, Defendant obtained this footage from the John Filax Channel in violation of YouTube's Terms of Service and in violation of federal law.

31. The Infringing Video's only so-called transformations consisted of addition of text overlays that merely transcribed Plaintiff's voice, a mirrored image of the video, and background music. Defendant contributed no commentary and made no meaningful creative contribution.

32. The Infringing Video is therefore presented without any genuine transformation, serving primarily as unaltered entertainment for Defendant's audience.

33. This wholesale re-use is far outside the bounds of what courts have found permissible even in "reaction" or "commentary" videos. Defendant's channel operates under the mistaken belief, common among monetized infringement channels, that superficial edits alone can transform wholesale copying into fair use. This lawsuit seeks to correct that misinterpretation and reaffirm that fair use has limits.

---

[2] https://www.youtube.com/watch?v=-xDyjPOhIgw

COMPLAINT

### *The Takedown and FALSE Counter-Notice*

34. In May 2025, Plaintiff submitted a DMCA takedown notice to YouTube pursuant to 17 U.S.C. § 512(c), identifying the Infringing Video.

35. YouTube complied and removed the Infringing Video.

36. On or about May 9, 2025, Defendant submitted the Counter-Notice to YouTube pursuant to 17 U.S.C. § 512(g)(3) on behalf of the Bodycam Channel seeking reinstatement of the Infringing Video. In relevant part, Defendant stated:

> Dear YouTube Team, I am writing to appeal the removal of my video titled "Cops mess with the Wrong Person" (URL: https://www.youtube.com/watch?v=FD1-lujdknk), which was taken down following a copyright claim from John Filax. The original content used was from a video titled "TPA Police Stop The Wrong Guy_ READ THE DESCRIPTION!", and I acknowledge that it was included in my video. However, I believe the use of this content qualifies under fair use. I significantly transformed the original footage by: Adding my own original images Including captions and text overlays Incorporating background music Making edits to structure and presentation that provide new context and meaning. My video is not a re-upload, but rather a repurposed and original work that aims to inform and engage viewers in a different way than the source material. It does not serve as a substitute for the original video and adds value through sharing my own perspective and creative editing. Based on these modifications and the intent behind the video, I believe it qualifies as fair use under U.S. copyright law. I respectfully request a review of the strike and a reinstatement of my video. Thank you for your time and consideration. Sincerely, Muhammad Tayyab Channel: Bodycam Action
>
> I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.
>
> I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

37. By signing under penalty of perjury, Defendant personally adopted these statements, despite their lack of factual foundation and the absence of any legitimate fair use defense. Defendant falsely represented that the video was "significantly transformed" when, in fact, there was no meaningful transformation. Captions, mirroring, and background music do not constitute transformation under established copyright law.

38. Defendant's Counter-Notice was part of a scheme to preserve monetized infringing content. He knowingly submitted it under penalty of perjury as required by 17 U.S.C. § 512(g), despite its falsity.

39. Plaintiff now seeks damages, attorneys' fees, declaratory and injunctive relief for Defendant's material misrepresentations in the Counter-Notice submitted to YouTube.

## FIRST CAUSE OF ACTION

### Misrepresentation in Counter-Notifications under the DMCA

### (17 U.S.C. § 512(f))

40. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 39.

41. Section 512(f) of the Copyright Act provides, in relevant part, that "any person who knowingly materially misrepresents under this section . . . that material was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner…who is injured by such misrepresentation..."

42. Defendant submitted a Counter-Notice to YouTube on or about May 9, 2025, swearing under penalty of perjury that the Infringing Video qualified as fair use and that its removal was the result of a "mistake or misidentification."

43. Defendant further represented that the Infringing Video was "significantly transformed" because Defendant had added images, captions, text overlays, background music, and structural edits.

44. These representations were materially false. In reality, the Infringing Video consisted entirely of Plaintiff's dashcam footage, with only superficial edits such as mirroring, captions, and background music layered on top. The Infringing Video contained no commentary, no critique, and not a single word spoken by Defendant.

45. Despite swearing under penalty of perjury, Defendant's Counter-Notice contained conclusory assertions and legal misstatements that were knowingly false when made.

46. Defendant made these misrepresentations knowingly and willfully, with the purpose of causing YouTube to reinstate the Infringing Video and to preserve monetization of the Infringing Video. The Infringing Video has been viewed more than 85 million times, generating substantial commercial value for Defendant and causing significant market harm to Plaintiff, whose original video has been viewed over 10 million times.

47. As a direct result of Defendant's material misrepresentations, Plaintiff was forced to initiate this action to ensure permanent removal of the Infringing Video. Plaintiff has incurred and will continue to incur damages, costs, and attorneys' fees within the meaning of 17 U.S.C. § 512(f).

48. Plaintiff is further entitled to injunctive relief requiring YouTube or its agents to remove the Infringing Video from the Bodycam Channel and to prevent its re-upload, as well as such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Declaratory Judgment
### 28 U.S.C. § 2201

49. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 48.

50. Plaintiff is the sole owner of the copyright in the original dashcam video titled *TPA Police Stop The Wrong Guy _ READ THE DESCRIPTION!* published on the John Filax Channel on September 18, 2017.

COMPLAINT

51. An actual and justiciable controversy exists between Plaintiff and Defendant concerning Defendant's use of that work. In the Counter-Notice submitted to YouTube on May 9, 2025, Defendant asserted that the Infringing Video was "significantly transformed" and therefore protected by fair use under 17 U.S.C. § 107.

52. Plaintiff disputes Defendant's assertions and contends that the Infringing Video infringes Plaintiff's copyright and is not protected under 17 U.S.C. § 107. The Infringing Video consists entirely of Plaintiff's footage, with only superficial edits such as mirroring, captions, and background music, and contains no commentary or critique by Defendant.

53. A judicial declaration under 28 U.S.C. § 2201 is necessary to resolve this dispute and to confirm that Defendant's use of Plaintiff's work is not protected by fair use.

54. Plaintiff also seeks injunctive relief requiring YouTube or its agents to remove the Infringing Video from the Bodycam Channel and to prevent its re-upload.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. That judgment be entered in favor of Plaintiff and against Defendant for monetary damages caused by his knowing material misrepresentations in the Counter-Notice pursuant to 17 U.S.C. § 512(f);

B. That the Court enter a declaratory judgment under 28 U.S.C. § 2201 that Defendant's use of Plaintiff's video is not protected by 17 U.S.C. § 107;

C. A permanent injunction enjoining Defendant from further use of the Infringing Video and directing YouTube or its agent to remove the Infringing Video from the Bodycam Channel and prevent its re-upload;

D. An award of attorneys' fees and costs pursuant to 17 U.S.C. § 512(f);

E. Any other relief the Court deems just and proper.

Dated: September 6, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *John Filax*

**COMPLAINT**

     DMCA Lawyer <thedmcalawyer@gmail.com>

## Fwd: [S6BBDX47O3UHDFGS7GAUFIPTGY] New Copyright Counter Notification
1 message

**johnfilax** <johnfilax@gmail.com>                                                       Sun, Jun 29, 2025 at 11:38 AM
To: DMCA Lawyer <thedmcalawyer@gmail.com>

Begin forwarded message:

**From:** YouTube Copyright <youtube-disputes+03lqriek0nm670h@google.com>
**Date:** May 9, 2025 at 12:35 AM
**To:** johnfilax <johnfilax@gmail.com>
**Subject: Re: [S6BBDX47O3UHDFGS7GAUFIPTGY] New Copyright Counter Notification**



We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=FD1-Iujdknk

Display name of uploader: Bodycam Action

Dear YouTube Team, I am writing to appeal the removal of my video titled "Cops mess with the Wrong Person" (URL: https://www.youtube.com/watch?v=FD1-Iujdknk), which was taken down following a copyright claim from John Filax. The original content used was from a video titled "TPA Police Stop The Wrong Guy _ READ THE DESCRIPTION!", and I acknowledge that it was included in my video. However, I believe the use of this content qualifies under fair use. I significantly transformed the original footage by: Adding my own original images Including captions and text overlays Incorporating background music Making edits to structure and presentation that provide new context and meaning. My video is not a re-upload, but rather a repurposed and original work that aims to inform and engage viewers in a different way than the source material. It does not serve as a substitute for the original video and adds value through sharing my own perspective and creative editing. Based on these modifications and the intent behind the video, I believe it qualifies as fair use under U.S. copyright law. I respectfully request

a review of the strike and a reinstatement of my video. Thank you for your time and consideration. Sincerely, Muhammad Tayyab Channel: Bodycam Action

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Muhammad Tayyab

Muhammad Tayyab
Mohalla Islam Nagar, Street#3, House#P-316
Faisalabad
Punjab 38000
Pakistan

tayyabnoodle@gmail.com

0307 1054524

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

EXHIBIT A - Page 2 of 2